# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MICHAEL HARPER, #39240**                                              **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 4:10-cv-76-HTW-LRA**

**WARDEN DALE CASKEY, CHRISTOPHER EPPS**
**AND KEVIN REESE**                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to Title 42 U.S.C. § 1983. The named Defendants are Warden Dale Caskey, Christopher Epps and Kevin Reese.

### Background

Plaintiff states that he received a Rule Violation Report (RVR) on August 21, 2009, for assaulting a fellow inmate. *Comp.* [1], p. 5. Petitioner argued at his disciplinary hearing that the RVR was not issued until five days after the incident and therefore it should be dismissed. *Id.* Plaintiff states that Defendant Reese instructed him at the disciplinary hearing that there was evidence to convict Plaintiff and he was subsequently found guilty. *Id.* Plaintiff further alleges that Defendants Caskey and Epps should have then exercised their authority and dismissed the RVR. *Comp.* [1], p. 6. Since Defendants Caskey and Epps did not dismiss the RVR, Plaintiff argues that they violated MDOC policy and due process requirements. *Id.* According to the RVR, which Plaintiff attached to his complaint, his punishment included twenty days of isolation and restriction of privileges for two months. *Comp*. [1-2], p. 1. As relief, Plaintiff requests

monetary damages and the RVR be removed from his record. *Comp*. [1], p. 6.

Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, this case will be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's placement in isolation and the loss of prison privileges are not an "atypical and significant hardship" of prison life. The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest); *Spellmon v. Price*, No. 95-20926, 1996 WL 625422, at * 4 (5th Cir. 1996) (restrictions on recreation, commissary and day room privileges, as well as a change in

2

custodial status do not implicate a liberty interest sufficient to invoke due process protections); *King v. Sims*, No. 2:07cv136-MTP, 2009 WL 2497154, at * 5 (Aug. 14, 2009) (reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights).

Further, Plaintiff complains that MDOC policy was violated when he was found guilty and Defendants Caskey and Epps did not dismiss this RVR. This allegation, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 2006 WL 3794356, at *1 (5th Cir. Dec. 19, 2006)("A violation of prison regulations, without more, does not give rise to a federal constitutional violation.") citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986). "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hernandez v. Estelle*, 788 F.2d at 1158. As such, the Court finds that Plaintiff has failed to state a viable Due Process claim.

To the extent Plaintiff is seeking monetary damages, a state prisoner's claim for damages is not cognizable under Title 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Heck* doctrine has been held to apply to a claim brought pursuant to Title 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of prison disciplinary actions. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Under the allegations of this complaint, it is clear that a judgment by this Court in favor of Plaintiff would "necessarily imply" the invalidity of his RVR and resulting punishment. Therefore, in order for Plaintiff to maintain this action he must demonstrate that the disciplinary action has been "reversed, expunged, or otherwise declared invalid." *Clark v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards* 520 U.S. at 646). There are no allegations nor attachments to Plaintiff's complaint that demonstrate that the disciplinary action has been invalidated. Thus, Plaintiff's cause of action pursuant to Title 42 U.S.C. § 1983 has not yet accrued. *See Heck*, 512 U.S. at 489-90. Consequently, the Court cannot provide the relief he has requested.

## Conclusion

For the foregoing reasons, the Court finds that Plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted, with prejudice, under Title 28 U.S.C. § 1915 (e)(2)(B)(ii).[1]

## Three-strikes provision

Since this case shall be dismissed pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike"[2]. If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be

---

[1] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[2] Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

4

entered on this date.

    SO ORDERED, this the 21st day of June, 2010.

                                    s/ HENRY T. WINGATE
                                    CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT